IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–00746–DDD–KMT

JANE DOE,

    Plaintiff,

v.

BOARD OF EDUCATION OF THE PRIMERO REORGANIZED SCHOOL DISTRICT RE-2,
WILLIAM NACCARATO, individually and his official capacity as agent of the Primero Reorganized School District RE-2,
TRISH SANCHEZ, individually and in her official capacity as agent of the Primero Reorganized School District RE-2,
D.L, a minor,
Z.L, a minor, and
DEBRA VELASQUEZ,

    Defendants.

## ORDER

Before the court is Defendants' "Joint Unopposed Motion to Stay Proceedings Pending Ruling on Immunity Defenses." (["Motion"], Doc. No. 85.) In their Motion, Defendants asks that proceedings in this case be stayed, pending resolution of two Motions to Dismiss, filed respectively, by Defendants Board of Education of the Primero Reorganized School District RE-2 [the "Board"] and William Naccarato, and by Defendant Trish Sanchez. (*Id.*; *see* Doc. Nos. 50-51.) Plaintiff has not responded to Defendants' motion to stay.[1]

---

[1] Defendants advise that Plaintiff "does not oppose the relief requested in this motion." (Mot. 1-2.)

Plaintiff Jane Doe is a former student in the Primero Reorganized School District [the "School District"]. (["Complaint"], Doc. No. 48 at ¶¶ 20-21.) In her Second Amended Complaint, Plaintiff alleges that, in July 2017, when she was sixteen years old, she was sexually assaulted by two male students, Defendants D.L. and Z.L. (*Id.* at ¶¶ 12-13, 46-61.) The alleged sexual assaults were said to have occurred at a house owned by Defendant D.L.'s grandmother, Defendant Debra Velasquez. (*Id.* at ¶¶ 14, 27-28.) According to the Complaint, shortly thereafter, Plaintiff's parents reported the incident to two School District employees, Defendants Naccarato and Sanchez. (*Id.* at ¶¶ 73-74, 79.) It is alleged, however, that Defendants did not "tak[e] any steps to protect [Plaintiff] or investigate her rape." (*Id.* at ¶ 101.) In addition, Plaintiff claims that Defendants D.L. and Z.L. "continued to be permitted to attend" school with her, despite the School District's assurances otherwise. (*Id.* at ¶ 121.) Plaintiff further alleges that, throughout the following school year, she was "tormented" and "harassed" on a "daily" basis by fellow School District classmates regarding the sexual assaults. (*Id.* at ¶¶ 86-87.) Plaintiff also alleges that Defendants "lashed out" and retaliated against her for making a complaint about the School District's handling of the matter. (*Id.* at ¶¶ 133-34.)

On June 13, 2019, Plaintiff filed a Second Amended Complaint in this action, asserting Title IX claims for gender discrimination, sexually hostile educational environment, and retaliation against the Board, as well as a bevy of state law claims against the Board and the individual Defendants.[2] (*Id.* at ¶¶ 150-276.) In the Second Amended Complaint, Plaintiff requests injunctive relief and monetary damages. (*Id.* at 38.)

---

[2] Plaintiff asserts claims against Defendants Sanchez and Naccarato in their individual and official capacities, and against Defendants Velasquez, D.L., and Z.L. in their individual capacities only.

On June 27, 2019, the Board and Defendant Nacarrato responded to the Second Amended Complaint by filing a motion to dismiss, and that same day, Defendant Sanchez filed a separate motion to dismiss. (Doc. Nos. 50-51.) In addition, on October 9, 2019, Defendants filed the present motion to stay this case, pending resolution of the two motions to dismiss. (Mot. 1.) Defendants argue that a stay is warranted here, because the Board, Defendant Naccarato, and Defendant Sanchez each invoke immunity defenses to some of Plaintiff's claims, and because the Board's motion challenges Plaintiff's standing to bring this lawsuit. (*Id.* at 3-4.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice

3

to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a stay of the proceedings. Indeed, Plaintiff has not responded, or otherwise expressed opposition, to Defendants' motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, primarily because the Board, Defendant Naccarato, and Defendant Sanchez have asserted immunity defenses to certain of Plaintiff's claims. (Mot. 2-4.) Those Defendants argue, specifically, that Plaintiff's claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, outrageous conduct, and civil

4

conspiracy are barred by the Colorado Governmental Immunity Act. (Doc. No. 50 at 11-14; Doc. No. 51 at 8-12.)

The Tenth Circuit has made clear that questions of immunity should be resolved at the earliest stages of litigation. *See Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (addressing qualified immunity); *Moore v. Busby*, 92 Fed. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[B]ecause the entitlement is an immunity from suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (alterations and citations omitted). In addition, "discovery generally should be avoided" once an immunity defense is raised, unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendants' [] immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration. *See Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's qualified immunity defense).

Even more importantly, however, the Board's motion to dismiss appears to implicate this court's subject matter jurisdiction. (Doc. No. 50 at 5-6.) The Board contends, in its motion to dismiss, that on the night of the alleged sexual assault, Plaintiff was not, in fact, a School District student. (*Id.* at 5.) It contends, therefore, that Plaintiff lacks standing to sue it under Title XI "for claims that arise out of or relat[e] to the assault." (*Id.*) Given that federal jurisdiction in this

5

case is premised solely on Plaintiff's Title IX claims against the Board, dismissal of those claims would warrant dismissal of the remaining state law claims. *See Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."); *Thatcher Enters. v. Cache Cty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) ("Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."). Accordingly, the second factor supports the imposition of a stay. *See Drive Sunshine Inst. v. High Performance Transp. Enter.*, No. 14-cv-00844-REB-KMT, 2014 WL 5816900, at *2-3 (D. Colo. Nov. 10, 2014) (finding the second factor weighed in favor a stay, because some of the defendants asserted immunity defenses and challenges to the plaintiff's standing); *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) ("[D]ecisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted.").

Looking to the remaining *String Cheese* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which, if any, of Plaintiff's claims will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, as well as the strong interest of resolving questions of jurisdiction and immunity before subjecting government officials to the

vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that Defendants' "Joint Unopposed Motion to Stay Proceedings Pending Ruling on Immunity Defenses" (Doc. No. 85) is **GRANTED**. The Scheduling Conference set for October 23, 2019, is **VACATED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss. Defendants shall file a status report within ten days of a ruling, if any portion of the case remains, to advise whether the Scheduling Conference should be reset.

Dated this 22nd day of October, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge