# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No.: 19-cv-00746

JANE DOE

                              Plaintiff,

    v.

BOARD OF EDUCATION OF THE PRIMERO SCHOOL DISTRICT RE-2; WILLIAM NACCARATO, Individually and In His Official Capacity as an agent of the Primero reorganized School District RE-2; TRISH SANCHEZ, Individually and in Her Official Capacity As agent of the Primero Reorganized School District RE-2; D.L., a minor; Z.L., a minor; and DEBRA VELASQUEZ,

                              Defendants.

---

## UNOPPOSED MOTION FOR LEAVE TO RESTRICT

Plaintiff Jane Doe ("Plaintiff") by her counsel, Nesenoff & Miltenberg, LLP and Campbell, Killin, Britain, & Ray, LLC, hereby respectfully requests this Court restrict access to Exhibits A (ECF 143-1), B (ECF 143-2), and E (ECF 1435) of Defendant Debra Velasquez's Motion for Summary Judgment, as well as Defendant Velasquez's Memorandum of Law in Support of her Motion for Summary Judgment, filed July 28, 2021 (ECF 143).

In accordance with D.C.Colo.LCivR 7.1(a)(c), counsel for Plaintiff has conferred with counsel for the Defendants regarding the instant motion. Counsel for Defendants do not object to the requested relief.

1.    At the commencement of this litigation, Plaintiff filed a motion for leave to restrict the Complaint and proceed under the pseudonym, "Jane Doe." (ECF 2).

2.    Plaintiff's motion for leave to restrict was granted by the court on March 21, 2019 and the complaint was granted Level 1 restriction (ECF 10).

3.    Plaintiff has proceeded to use the pseudonym "Jane Doe" in all publicly filed documents.

4.      Throughout depositions in this matter, Plaintiff has been referred to by her true name, with each deposition being marked Confidential pursuant to the court ordered Protective Order (ECF 119).

5.      On July 28, 2021, Defendant Velasquez, by and through her counsel, filed a Motion for Summary Judgment, attaching certain exhibits including excerpts from depositions conducted in this matter (ECF 143).

6.      Throughout Defendant Velasquez's Motion for Summary Judgment exhibits A, B, and E, Plaintiff is referred to by her true identity. Indeed, Plaintiff's full name appears on the top of each page of Exhibit A (ECF 143-1).

7.      Moreover, in Defendant Velasquez's Memorandum of Law in Support of her Motion for Summary Judgment, Defendant Velasquez quotes deposition testimony using Plaintiff's true name and identity. (ECF 143 at pg. 6-7).

8.      As alleged in this action, Plaintiff is a victim of sexual assault and her true identity. Following precedent from across the country, Plaintiff has been kept restricted throughout this litigation in light of the highly sensitive, intimate, personal, and private issues involved in this litigation. *See e.g. Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006); *Grottano v. the City of New York*, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016); *Prasad v. Cornell Univ.*, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016) (permitting identification of alleged victim of sexual assault as "Jane Doe" during proceedings); *Doe v. Penzato*, 2011 WL 1833007 (N.D.Ca. May 13, 2011); *Doe v. Evans*, 202 F.R.D. 173 (E.D.Pa. 2001); *Doe v. Western Am. Province of the Capuchin Franciscan Friars*, 2015 WL 8770017 (D. Or. Dec. 13, 2015) (allowing the plaintiff to proceed as "Jane Doe" in light of the "accepted practices of the federal courts of the United States, allowing those who have been victims of sexual assault and/or who fear reprisals from the particular

litigation to commence cases under assumed names"); *Doe v. Cabrera*, 301 F.R.D. 1 (D.D.C. 2014) (allowing victim of sexual assault to proceed as a "Jane Doe" plaintiff); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997) (indicating that the use of "fictitious names [is] allowed when necessary to protect the privacy of … rape victims…"); *Roe v. St. Louis Univ.*, 2009 WL 910738 (E.D.Mo. Apr. 2, 2009) (allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records); *E.E.O.C. v. Spoa, LLC.*, 2013 WL 5634337 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter").

9.      The disclosure of Plaintiff's true identity in Defendant Velasquez's motion for summary judgment exhibits puts Plaintiff at risk of further harm. Indeed, Plaintiff has already been harmed by the fact that her identity has been publicly available for at least 24 hours. *See Doe v. Cabrera*, 301 F.R.D. 1, at *5, n. 6 (D.D.C. 2014); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y.1996); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D.Tex. 2007).

10.     Plaintiff's counsel's office contacted the court and spoke with Judge Domenico's clerk who advised counsel's paralegal to file a motion seeking restriction of the documents referenced above by end of day.

11.     Accordingly, Plaintiff respectfully requests that Exhibit A (ECF 143-1), Exhibit B (143-2), and Exhibit E (143-5) of Defendant Velasquez's Motion for Summary Judgment be restricted to a Level 1 restriction. Plaintiff further requests that Defendant Velasquez's Memorandum of Law in Support of her Motion for Summary Judgment (ECF 143) be similarly restricted.

12.     No party to this action will be prejudiced by the requested relief as all counsel for the parties will still have access to the filed documents following their restriction.

13.     This is Plaintiff's first request to restrict the identified documents.

14.     No party will be prejudiced by the relief requested herein.

15.     Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned certify that this motion is being served contemporaneously on Plaintiff.

WHEREFORE, the counsel for the Plaintiff moves this Court for an Order restricting access to Exhibits A, B, and E of Defendant Velasquez's Motion for Summary Judgment, and for such other relief this Court deems just and proper.

Respectfully submitted this 29th day of July, 2021.

*s/Michael J. Mirabella*
Michael J. Mirabella, Esq.
Campbell, Killin, Brittan, & Ray, LLC.
270 St. Paul Street, Suite 300
Denver, Colorado 80206
Tel: 303-394-7209
mmirabella@ckbrlaw.com


*s/Gabrielle Vinci*
Andrew T. Miltenberg, Esq.
Gabrielle M. Vinci, Esq.
Nesenoff & Miltenberg, LLP
363 7th Ave., Fifth Floor
New York, NY  10001
Tel: 212-736-4500
amiltenberg@nmllplaw.com
gvinci@nmllplaw.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Honorable Judge Domenico's Practice Standard III(A)(1).

<u>        /s/ Gabrielle M. Vinci        </u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2021, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause a notification to be sent to the following counsel of record:

Janice C. Orr, Esq.
Law Office of Janice C. Orr, P.C.
88 Inverness Circle East
Suite B-105
Englewood, CO 80112
*Counsel for Defendant Debra Velasquez*

Elizabeth Spellmire Francis, Esq.
May Gwyneth Whalen, Esq.
Caplan & Earnest, LLC
3107 Iris Avenue, Suite 100
Boulder, CO 80301
*Counsel for Defendants Primero Reorganized School District RE-2,*
*Board of Education of the Primero School District, and*
*William Naccarato*

Meredith McDonald, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO 80202
*Counsel for Defendant Sanchez*

Douglas B. Tumminello, Esq.
Caitlin C. McHugh, Esq.
Lewis Roca Rothberger Christie LLP
1200 17th Street, Suite 3000
Denver, CO 80202
*Counsel for Defendant D.L.*

Stanley Garnett, Esq.
Brownstein, Hyatt, Farber, Schreck, LLP
410 17th Street, Suite 2200
Denver, Colorado 80202
*Counsel for Defendant Z.L.*

*/s/ Gabrielle Vinci*
Gabrielle M. Vinci, Esq

6