**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No.: 19-cv-00746

JANE DOE

                        Plaintiff,

v.

BOARD OF EDUCATION OF THE PRIMERO SCHOOL DISTRICT RE-2; WILLIAM NACCARATO, Individually and In His Official Capacity as an agent of the Primero reorganized School District RE-2; TRISH SANCHEZ, Individually and in Her Official Capacity As agent of the Primero Reorganized School District RE-2; D.L., a minor; Z.L., a minor; and DEBRA VELASQUEZ,

                        Defendants.

---

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO MAINTAIN LEVEL 1 RESTRICTION ON EXHIBITS FILED IN RESPONSE IN OPPOSITION TO DEFENDANT DEBRA VELASQUEZ'S MOTION FOR SUMMARY JUDGMENT AT ECF NO. 162**

---

Plaintiff Jane Doe ("Plaintiff") by her counsel, Nesenoff & Miltenberg, LLP and Campbell, Killin, Britain, & Ray, LLC, hereby respectfully requests this Court maintain Level 1 restricted access to Exhibits B (ECF 162), C (ECF 162-1), D (ECF 162-2), E (ECF 162-3), F (ECF 162-4) and G (ECF 162-5) of Plaintiff's Response in Opposition to Defendant Debra Velasquez's Motion for Summary Judgment, filed August 27, 2021 (ECF 161).

In accordance with D.C.Colo.LCivR 7.1(a)(c), counsel for Plaintiff has conferred with counsel for Defendant Velasquez regarding the instant motion. Counsel for Defendant Velasquez opposes the requested relief as addressed below.

1. At the commencement of this litigation, Plaintiff filed a motion for leave to restrict the Complaint and proceed under the pseudonym, "Jane Doe." (ECF 2).

2. Plaintiff's motion for leave to restrict was granted by the court on March 21, 2019 and the complaint was granted Level 1 restriction (ECF 10).

3.      Plaintiff has proceeded to use the pseudonym "Jane Doe" in all publicly filed documents.

4.      In addition, the Court entered a Protective Order in this matter on August 26, 2020 which defined "confidential" information to include: (i) confidential information concerning current or former students; (ii) information related to Jane Doe concerning personal and confidential matters not generally known to the public; and (iii) information relating to the individual defendants in this action concerning personal and confidential matters not generally known to the public. (ECF 120).

5.      Throughout depositions in this matter, Plaintiff, as well as the individual defendants, have been referred to by their true names, with each deposition being marked Confidential pursuant to the court ordered Protective Order.

6.      In addition, several younger individuals were identified by their true names during discovery despite the fact that such individuals were minors at the time of the events underlying Plaintiff's claims in this action.

7.      On August 27, 2021, Plaintiff, by and through her undersigned counsel, filed a Response in Opposition to Defendant Velasquez's Motion for Summary Judgment.

8.      As part of Plaintiff's Response in Opposition to Defendant Velasquez's Motion for Summary Judgment, Plaintiff referenced and filed, among other things, excerpts of deposition and court transcripts which were pre-emptively filed under Level 1 Restriction (ECF 162) (hereinafter, the "Restricted Exhibits").

9.      Throughout the Restricted Exhibits, Plaintiff is referred to by her true name and the individual defendants are referred to by their true names. In addition, a number of former students of the Primero High School are referenced by their true names.

10. As alleged in this action, Plaintiff is a victim of sexual assault. Following precedent from across the country, Plaintiff's name has been kept restricted throughout this litigation in light of the highly sensitive, intimate, personal, and private issues involved in this litigation. *See e.g. Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006); *Grottano v. the City of New York*, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016); *Prasad v. Cornell Univ.*, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016) (permitting identification of alleged victim of sexual assault as "Jane Doe" during proceedings); *Doe v. Penzato*, 2011 WL 1833007 (N.D.Ca. May 13, 2011); *Doe v. Evans*, 202 F.R.D. 173 (E.D.Pa. 2001); *Doe v. Western Am. Province of the Capuchin Franciscan Friars*, 2015 WL 8770017 (D. Or. Dec. 13, 2015) (allowing the plaintiff to proceed as "Jane Doe" in light of the "accepted practices of the federal courts of the United States, allowing those who have been victims of sexual assault and/or who fear reprisals from the particular litigation to commence cases under assumed names"); *Doe v. Cabrera*, 301 F.R.D. 1 (D.D.C. 2014) (allowing victim of sexual assault to proceed as a "Jane Doe" plaintiff); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997) (indicating that the use of "fictitious names [is] allowed when necessary to protect the privacy of … rape victims…"); *Roe v. St. Louis Univ.*, 2009 WL 910738 (E.D.Mo. Apr. 2, 2009) (allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records); *E.E.O.C. v. Spoa, LLC.*, 2013 WL 5634337 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter").

11. The disclosure of Plaintiff's true identity in the Restricted Exhibits puts Plaintiff at risk of further harm. Further, the public disclosure of the Restricted Exhibits would be inconsistent with the Court's Protective Order.

12. In addition, the Court has granted similar requests to restrict documents filed in this matter at a Level 1 Restriction. *See* ECF 149, 158.

13. Accordingly, Plaintiff respectfully requests that Exhibits B (ECF 162), C (ECF 162-1), D (ECF 162-2), E (ECF 162-3), F (ECF 162-4) and G (ECF 162-5) of Plaintiff's Response in Opposition to Defendant Velasquez's Motion for Summary Judgment be maintained as restricted to a Level 1 restriction.

14. On August 30, 2021, counsel for Defendant Velasquez contacted Plaintiff's counsel, Gabrielle Vinci, and advised that she was unable to access the Restricted Exhibits on ECF.

15. In response, Counsel Vinci forwarded a courtesy copy of the Restricted Exhibits to Defendant Velasquez's counsel via secured DropBox link.

16. Defendant Velasquez thereafter advised that she did *not* consent to maintaining Level 1 restrictions on the Restricted Documents because she was still not able to access them through ECF.

17. In response, Counsel Vinci advised that the Restricted Exhibits were filed in a manner that should have allowed all counsel of record to access them, suggested that Counsel Vinci had previously had an issue with the restrictions before which was able to be worked out with the ECF Help desk, and suggested that Defendant Velasquez's counsel do the same.

18. In response, Defendant Velasquez's counsel advised she would look into the matter with ECF.

19. Plaintiff's counsel has no control over Defendant Velasquez's counsel's ability to view documents which were filed in a manner to allow all counsel to access them. Additionally,

the Court should not subject Plaintiff to further harm by releasing her true identity based on, what appears to be, a technical glitch out of Plaintiff's control.

20. No party to this action will be prejudiced by the requested relief as all counsel for the parties will still have access to the filed documents following their Level 1 restriction and Defendant Velasquez's counsel had been provided an additional copy of the Restricted Exhibits by Counsel Vinci.

21. This is Plaintiff's first request to restrict ECF Docket No.: 162, including ECF Nos. 162-1 through 162-5.

22. Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned certify that this motion is being served contemporaneously on Plaintiff.

WHEREFORE, the counsel for the Plaintiff respectfully requests that the Court grant her request and maintain ECF Docket No.: 162, including ECF Nos. 162-1 through 162-5, under Level 1 restriction making those documents only available to the Court and parties of record.

Respectfully submitted this 9th day of September, 2021.

*s/Michael J. Mirabella*_____
Michael J. Mirabella, Esq.
Campbell, Killin, Brittan, & Ray, LLC.
270 St. Paul Street, Suite 300
Denver, Colorado 80206
Tel: 303-394-7209
mmirabella@ckbrlaw.com

*s/Gabrielle Vinci*_____
Andrew T. Miltenberg, Esq.
Gabrielle M. Vinci, Esq.
Nesenoff & Miltenberg, LLP
363 7th Ave., Fifth Floor
New York, NY 10001
Tel: 212-736-4500
amiltenberg@nmllplaw.com
gvinci@nmllplaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Honorable Judge Domenico's Practice Standard III(A)(1).

                                                                    /s/ Gabrielle M. Vinci

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2021, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause a notification to be sent to the following counsel of record:

Janice C. Orr, Esq.
Law Office of Janice C. Orr, P.C.
88 Inverness Circle East
Suite B-105
Englewood, CO 80112
*Counsel for Defendant Debra Velasquez*

Elizabeth Spellmire Francis, Esq.
May Gwyneth Whalen, Esq.
Caplan & Earnest, LLC
3107 Iris Avenue, Suite 100
Boulder, CO 80301
*Counsel for Defendants Primero Reorganized School District RE-2,*
*Board of Education of the Primero School District, and*
*William Naccarato*

Meredith McDonald, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO 80202
*Counsel for Defendant Sanchez*

Douglas B. Tumminello, Esq.
Caitlin C. McHugh, Esq.
Lewis Roca Rothberger Christie LLP
1200 17th Street, Suite 3000
Denver, CO 80202
*Counsel for Defendant D.L.*

Stanley Garnett, Esq.
Brownstein, Hyatt, Farber, Schreck, LLP
410 17th Street, Suite 2200
Denver, Colorado 80202
*Counsel for Defendant Z.L.*

                                      */s/ Gabrielle Vinci*
                                      Gabrielle M. Vinci, Esq